| |
|---|
| **Tapinekis v Pace Univ.** |
| 2024 NY Slip Op 34271(U) |
| November 29, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 652902/2022 |
| Judge: Suzanne J. Adams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. SUZANNE J. ADAMS**

*Justice*

PART      **39M**

-----------------------------------------------------------------------X

ELIZABETH TAPINEKIS

                     Plaintiff,

              - v -

PACE UNIVERSITY,

                  Defendant.

-----------------------------------------------------------------------X

INDEX NO.     652902/2022

MOTION DATE     N/A

MOTION SEQ. NO.     005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 249, 250, 251, 252, 253, 254, 255, 256, 257, 259

were read on this motion to/for          REARGUMENT/RECONSIDERATION     .

This class action lawsuit was commenced in August 2022 by plaintiff against defendant university, seeking damages arising out of the circumstances resulting from the global pandemic which began in March 2020. During the Spring 2020 semester, when plaintiff was enrolled as an undergraduate student, defendant ceased in-person classes and, subsequently, refused to refund fees charged to plaintiff and others for the benefits of on-campus enrollment. By decision and order dated December 26, 2023, this court denied defendant's motion for summary judgment, finding that the evidence presented on the motion raised significant factual questions, including whether the disclaimer language – the Emergency Closing Provision – cited by defendant "contemplates extended school closings occasioned by circumstances like the pandemic and [whether it] serves as a *force majeure* clause," shifting costs to the plaintiff. Defendant now moves pursuant to CPLR 2221(d) for leave to reargue its summary judgment motion, and upon reargument, to grant it summary judgment. Plaintiff opposes the motion. For the reasons set forth

652902/2022 TAPINEKIS, ELIZABETH vs. PACE UNIVERSITY
Motion No. 005

Page 1 of 4

[* 1]

below, the motion to reargue is granted, and upon reargument, defendant's summary judgment motion is granted and the action is dismissed.

CPLR 2221(d)(2) requires that a motion for leave to reargue be "based on matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion." On its motion to reargue, defendant maintains that this court overlooked *Goldberg v Pace University*, 88 F4th 204 [2d Cir 2023], an action also against defendant, in which the Second Circuit held that the "Emergency Closing" provision contained in defendant's academic catalog, the same provision at issue herein, is a *force majeure* clause that undermined the plaintiff's breach of contract claim against defendant. The *Goldberg* plaintiff claimed, as does plaintiff herein, that defendant, in contravention of the contract, failed to provide in-person, on-campus courses and services during the global COVID-19 pandemic.

In its summary judgment motion, defendant argued, *inter alia*, that "[defendant's] disclaimer of any obligation to refund fees is contained in its 'Emergency Closings' policy, which refers to 'reasons beyond the University's control,'" and is "the definition of a *force majeure* clause[.]" (NYSCEF Doc. No. 146 at 26). The Second Circuit considered this exact language in *Goldberg* (*see Goldberg*, 88 F4th at 208) and found that this "Emergency Closings provision," set forth in defendant's 2019-2020 Graduate Catalog, allowed defendant to move four of the *Goldberg* plaintiff's courses online from March through May (*id.*). The Second Circuit qualified this contract provision as a *force majeure* clause, which allocated the risk to the students in the event defendant needed to shut down. By defining a *force majeure* clause as a "'contractual provision allocating the risk of loss if performance becomes impossible or impracticable, especially as a result of an event or effect that the parties could not have anticipated or controlled'" (*id.* at 200 n.16), the

652902/2022   TAPINEKIS, ELIZABETH vs. PACE UNIVERSITY
Motion No. 005

Page 2 of 4

Second Circuit found that defendant's Emergency Closings provision falls squarely within this definition.

Plaintiff argues in opposition that the Second Circuit decision was incorrect as, under New York law, *force majeure* clauses must be interpreted narrowly, and "pandemic" is not listed in the catchall of the Provision. In *Goldberg,* the Second Circuit addressed this argument and reasoned that under New York law, not only are *force majeure* clauses to be construed narrowly, but also "courts should avoid interpretations that would render contract provisions superfluous" (*id.* at 212). The Court concluded "that the catchall clause of a *force majeure* provision would become superfluous if [the Court] interpreted the provision to apply only to listed events," and, instead, construed it to be limited to events that were similar to the events listed before it, which included pandemics (*id.* at 212). In light of this provision, the Court held, "[Defendant] was within its contractual rights to postpone the Rep season and Process Lab and to move [the plaintiff's] other classes online on account of the pandemic, and [the plaintiff's] complaint failed to plausibly allege a breach of contract as to either action" (*id.*).

While not binding on this court, this Second Circuit opinion is persuasive authority (*see Matter of Real Estate Bd. of N.Y., Inc. v City of New York,* 165 AD3d 1, 9 n.4 [1st Dept 2018] citing *Church of St. Paul and St. Andrew v Barwick,* 67 NY2d 510, 519 [1986]; *see also Sue/Perior Concrete, Inc. and Paving v Lewiston Golf Course Corp.,* 24 NY3d 538, 551 [2014]). Not only did the Second Circuit interpret the identical contractual language cited herein, but the Court also addressed the exact same legal arguments advanced by plaintiff's counsel here, in the motion papers and during oral argument, that the pandemic was not specifically listed in defendant's Emergency Closings Provision, rendering the provision inapplicable. Further, the legal issue before the *Goldberg* court is identical to that before this court, and, while its resolution is not

652902/2022   TAPINEKIS, ELIZABETH vs. PACE UNIVERSITY                    Page 3 of 4
Motion No. 005

3 of 4

[* 3]

binding upon this court, the well-reasoned, logical decision is highly persuasive. Finally, the court did not discuss *Goldberg* in the 2023 Decision denying summary judgment. Consequently, the court finds that defendant's Emergency Closings Provision is applicable here, and, therefore, plaintiff is not entitled to a refund from defendant.

Accordingly, it is hereby

ORDERED that defendant's motion for leave to reargue its motion for summary judgment is granted; and it is further

ORDERED that upon reargument, defendant's motion for summary judgment is granted, and the complaint is dismissed.

This constitutes the decision and order of the court.

| __11/29/2024__ | | | | |
| DATE | | | | SUZANNE J. ADAMS, J.S.C. |
| CHECK ONE: | [X] CASE DISPOSED | | [ ] NON-FINAL DISPOSITION | |
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

652902/2022   TAPINEKIS, ELIZABETH vs. PACE UNIVERSITY
Motion No. 005

Page 4 of 4

4 of 4